People v Gibbs (2024 NY Slip Op 05507)

People v Gibbs

2024 NY Slip Op 05507

Decided on November 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 7, 2024

112411
[*1]The People of the State of New York, Respondent,
v
Price E. Gibbs, Appellant.

Calendar Date:October 16, 2024

Before:Aarons, J.P., Reynolds Fitzgerald, Fisher, McShan and Mackey, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Kristin A. Bluvas of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Robert P. McCarty of counsel), for respondent.

McShan, J.
Appeal from a judgment of the County Court of Warren County (John S. Hall Jr., J.), rendered December 4, 2019, convicting defendant upon his plea of guilty of the crimes of attempted robbery in the second degree and attempted escape in the third degree.
In August 2019, defendant was charged by indictment with robbery in the second degree, petit larceny and attempted escape in the third degree. These charges resulted from an incident wherein defendant, while displaying what appeared to be a firearm, stole three packages of cigarettes from a Stewart's Shop in the City of Glens Falls, Warren County. Thereafter, while shackled and in the custody of the Glens Falls Police Department, defendant attempted to take a handcuff key off a desk and use it to free himself of his shackles, resulting in the attempted escape charge. In satisfaction of the indictment, defendant pleaded guilty to attempted robbery in the second degree and attempted escape in the third degree and agreed to waive his right to appeal. County Court sentenced defendant, as a second felony offender, in accordance with the terms of the plea agreement to a prison term of six years, to be followed by five years of postrelease supervision, for the attempted robbery in the second degree conviction and to time served for the attempted escape in the third degree conviction.[FN1] Defendant appeals.
We agree with defendant that his appeal waiver is invalid. Defendant executed a written waiver after conferring with counsel, which indicated that he was waiving his right to appeal, among other things, "[a]ny other matters which [he] may have an appeal as of right or otherwise." "Such language erroneously suggested that defendant's waiver of his right to appeal was an absolute bar to any appeal" (People v Knowlton, 207 AD3d 1002, 1002 [3d Dept 2022] [citations omitted]; see People v Rabine, 227 AD3d 1274, 1275 [3d Dept 2024]; People v Marsh, 221 AD3d 1063, 1064 [3d Dept 2023]). County Court failed to "overcome this overbroad language by ensuring that defendant understood that some appellate and collateral review survived the waiver" (People v Figueroa, 192 AD3d 1269, 1270 [3d Dept 2021]; see People v Ellis, 229 AD3d 1006, 1006 [3d Dept 2024]; People v Lomack, 219 AD3d 1646, 1647 [3d Dept 2023], lv denied 40 NY3d 1040 [2023]; compare People v Wheeler, 216 AD3d 1314, 1314-1315 [3d Dept 2023], lv denied 40 NY3d 1082 [2023]).
Given the invalid appeal waiver, defendant's challenge to the sentence imposed is not precluded (see People v Miller, 221 AD3d 1138, 1139 [3d Dept 2023]; People v Moore, 201 AD3d 1209, 1210 [3d Dept 2022]). Nevertheless, upon our review of the record, which indicates that defendant has a lengthy criminal history and that his actions during the robbery had a significant impact on the store clerk, defendant's sentence — which was consistent with the terms of the plea agreement — was not unduly harsh or severe (see CPL 470.15 [6] [b]).
Defendant also challenges that his plea was not knowing[*2], voluntary and intelligent; however, that claim is unpreserved for our review given that he failed to make an appropriate postallocution motion (see People v Ryals, 224 AD3d 938, 938 [3d Dept 2024]; People v Rollins, 203 AD3d 1386, 1387 [3d Dept 2022]) and the narrow exception to the preservation requirement is not applicable (see People v Merritt, 210 AD3d 1209, 1209-1210 [3d Dept 2022]; People v Parkinson, 199 AD3d 1243, 1243-1244 [3d Dept 2021], lv denied 37 NY3d 1163 [2022]).
Aarons, J.P., Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed, and matter remitted for entry of an amended uniform sentence and commitment form.

Footnotes

Footnote 1: At various points throughout the proceedings, including at the time of sentencing, County Court seemingly misspoke on the record, indicating that defendant pleaded guilty to attempted escape in the second degree. As a result, the uniform sentence and commitment form reflects that defendant pleaded guilty to and was sentenced for attempted escape in the second degree. Defendant was charged by indictment with, and thus, necessarily pleaded guilty to, attempted escape in the third degree (see People v Thiam, 34 NY3d 1040, 1050 [2019] [DiFiore, Ch. J., concurring]). Accordingly, the uniform sentence and commitment form must be amended to correctly reflect defendant's conviction (see People v Delosh, 227 AD3d 1276, 1277-1278 [3d Dept 2024]).